[Cite as *State ex rel. Lagway v. Chambers-Smith*, 2026-Ohio-3004.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Willie Lagway, | : | |
| Relator, | : | |
| v. | : | No. 26AP-129 |
| Annette Chambers-Smith, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on August 4, 2026

**On brief:** *Willie Lagway*, pro se.

**On brief:** [*Andy Wilson*], Attorney General, *Adam Beckler*, and *Nicole Hendrix*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO MAGISTRATE'S DECISION

EDELSTEIN, J.

{¶ 1} Relator, Willie Lagway, initiated this original action requesting this court issue a writ of mandamus ordering respondent Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction, to correct the calculation of his prison sentence. For the reasons that follow, we adopt the magistrate's decision and sua sponte dismiss this action.

## I. FACTS AND PROCEDURAL POSTURE

{¶ 2} Mr. Lagway filed his complaint in mandamus on February 18, 2026. At the time Mr. Lagway filed this action, he submitted an affidavit of indigency stating he was an inmate in an Ohio correctional institution, did not have the necessary funds to pay the costs of this action, and thus requested the required filing fee and security deposit for this action

be waived.  Mr. Lagway did not attach a certified statement of the institutional cashier setting forth the balance in his inmate account for each of the preceding six months or a statement setting forth all other cash and things of value he owned at the time, as is required for inmates who seek to waive prepayment of appellate filing fees.

{¶ 3}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate.  Respondent moved to dismiss the petition for failure to state a claim pursuant to Civ.R. 12(B)(6).  For a writ of mandamus to issue, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law.  *See, e.g., State ex rel. Norris v. Wainwright*, 2019-Ohio-4138, ¶ 13, citing *State ex rel. Waters v. Spaeth*, 2012-Ohio-69, ¶ 6.  Respondent argued dismissal was warranted because Mr. Lagway had "multiple adequate remedies at law, namely a declaratory judgment or a direct appeal of his sentence" and cannot show the existence of a clear legal right to the relief sought or a clear legal duty of respondent to provide the requested relief.  (*See* Apr. 8, 2026 Mot. to Dismiss at 4.)

{¶ 4}  On May 15, 2026, the magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court dismiss this case sua sponte because Mr. Lagway failed to comply with the requirements of R.C. 2969.25(C).  The magistrate has also recommended that we deny as moot all pending motions, including respondent's motion to dismiss.

{¶ 5}  Mr. Lagway timely filed objections to the magistrate's decision under Civ.R. 53(D)(3)(b).  We must therefore independently review the objected to matters and evaluate whether "the magistrate has properly determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d).  We "may adopt or reject a magistrate's decision in whole or in part, with or without modification."  Civ.R. 53(D)(4)(b).

{¶ 6}  Mr. Lagway identifies the following three objections to the magistrate's decision:

> [1.] The magistrate has not made a finding that the allegation of indigency in a poverty affidavit filed by Relator is false, pursuant to R.C. 2969.25(A)(1) in order to dismiss this case on its own motion.

> [2.] Relator has not filed a motion for leave to proceed in forma pauperis pursuant to 10th Dist. Loc. App. R. 13(B). Therefore, this court does not have before it a request to proceed without prepayment of filing fee.
>
> [3.] Although, Relator was unable to make the $100 deposit when he initiated this case, as of the filing of the instant objections, Relator has withdrawn his poverty affidavit along with any intent to proceed in forma pauperis, and has submitted with the clerk of this court $100 for deposit, pursuant to 10th Dist. Loc. App. R. 13(B).

(June 3, 2026 Objs. at 2-3.)

## II. ANALYSIS

{¶ 7} R.C. 2969.22 requires inmates incarcerated in state institutions to pay in advance the full filing fees in civil actions and appeals commenced in state court (other than the Court of Claims of Ohio). *State ex rel. Frazier v. Schneider*, 2014-Ohio-3209, ¶ 4 (10th Dist.). Nonetheless, waiver of those fees is permitted for inmates who affirmatively show they are indigent. Specifically, R.C. 2969.25(C) requires that an inmate who seeks to waive prepayment of appellate filing fees include with his complaint an affidavit of indigency containing a statement that sets forth the balance of his institutional account for each of the preceding six months, as certified by the institutional cashier, and a statement setting forth all other cash and things of value he owned at the time of filing.

{¶ 8} In his affidavit, Mr. Lagway generally averred he was "without an adequate source of income that would satisfy and support the expenses to successfully file this [a]ction," "currently working in the Correctional Institution, classed as a student with a monthly stipend of $24.00," and had no savings account or other means of financial income. (Feb. 18, 2026 Aff. of Indigency.) Mr. Lagway did not submit the mandatory inmate account statement certified by the institutional cashier setting forth the balance in his account for each of the preceding six months. R.C. 2969.25(C)(1). Mr. Lagway also failed to provide a statement detailing "all other cash and things of value" he owned at the time of filing or otherwise explicitly deny having the same. R.C. 2969.25(C)(2).

{¶ 9} Strict compliance with R.C. 2969.25(C) is required. *See, e.g., State ex rel. Martin v. McCormick*, 2025-Ohio-4398, ¶ 10, citing *State ex rel. Townsend v. Gaul*, 2024-Ohio-1128, ¶ 8. "Substantial compliance is not sufficient." *Martin* at ¶ 10, citing *State ex*

*rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-408, ¶ 8.  As such, the failure to comply with R.C. 2969.25(C) is grounds for dismissal.  *See, e.g., State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 11;  *Morris v. Franklin Cty. Court of Common Pleas*, 2005-Ohio-6306, ¶ 3-6 (10th Dist.); *State ex rel. Jones v. State*, 2020-Ohio-5523, ¶ 4 (10th Dist.).  To that end, an appellate court can dismiss, sua sponte, an inmate's civil action against a governmental entity for failure to strictly comply with R.C. 2969.25(C).  *See Neil* at ¶ 4, 11-12; *Martin* at ¶ 10-15.

{¶ 10}  Here, the magistrate found Mr. Lagway's affidavit of indigency failed to comply with the inmate filing requirements contained in R.C. 2969.25(C) because it did not contain a statement certified by the institutional cashier setting forth the balance in Mr. Lagway's inmate account for each of the preceding six months as required by R.C. 2969.25(C)(1).  And Mr. Lagway does not challenge the propriety of this finding in his objections to the magistrate's decision.

{¶ 11}  Instead, Mr. Lagway now contends, ***after*** the magistrate issued his decision recommending dismissal of the action, that he no longer seeks to waive prepayment of his appellate filing fees.  In addition to filing his objections to the magistrate's decision, Mr. Lagway contemporaneously filed a "Motion to Strike Poverty Affidavit and Motion for Leave to Submit Filing Fee Instanter" on June 3, 2026.  Essentially, Mr. Lagway seeks to cure fatal errors in his initial filings by withdrawing his affidavit of indigency and paying the fees he averred he lacked the financial resources to pay.

{¶ 12}  We have previously held that documents supporting a fee-waiver request affidavit under R.C. 2969.25(C) "must be part of the initial filing of the petition and cannot later be added or amended to the petition." *Schneider*, 2014-Ohio-3209, at ¶ 4 (10th Dist.), citing *Hazel v. Knab*, 2011-Ohio-4608, ¶ 1 (subsequent filing of the relevant documents does not cure the defect).  And, as recognized by the Supreme Court of Ohio, "nothing in R.C. 2969.25 require[s] the court of appeals to afford [an inmate] the opportunity to pay the requisite filing fee before dismissing the case when [the inmate] expressly requested waiver of prepayment of those fees." *State ex rel. Pamer v. Collier*, 2006-Ohio-1507, ¶ 6.

{¶ 13}  It is undisputed Mr. Lagway's affidavit of indigency, filed contemporaneously with his complaint in mandamus, failed to comply with the requirements of R.C. 2969.25(C).  It is also clear Mr. Lagway did not pay in advance the full filing fees for

his mandamus action as is required by R.C. 2969.22. Pursuant to the binding precedent of this court and the Supreme Court, Mr. Lagway cannot, at this time, correct his failure to either submit a statutorily compliant affidavit of indigency or pay the required filing fees that were due at the time the case was initiated. Because Mr. Lagway's non-compliance with R.C. 2969.25(C) and 2969.22 is a sufficient reason to dismiss his mandamus complaint, we need not address the remaining arguments raised in Mr. Lagway's objections to the magistrate's decision.

## III. CONCLUSION

{¶ 14} Based on the foregoing, and following our independent review of the record pursuant to Civ.R. 53, we find the magistrate has properly discerned the relevant facts and appropriately applied the controlling law. Therefore, we adopt the magistrate's decision as our own and dismiss this mandamus action, sua sponte, for failure to comply with the requirements of R.C. 2969.25(C) and 2969.22 at the time the action was commenced. All pending motions are dismissed as moot.

*Objections overruled*;
*action dismissed.*

BOGGS, P.J., and MENTEL, J., concur.

———————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Willie Lagway, | : | |
| Relator, | : | |
| v. | : | No. 26AP-129 |
| Annette Chambers-Smith, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on May 15, 2026

*Willie Lagway*, pro se.

*Dave Yost*, Attorney General, *Adam Beckler*, and *Nicole Hendrix*, for respondent.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 15} Relator Willie Lagway has filed a complaint for a writ of mandamus against respondent Annette Chambers-Smith, Director of the Department of Rehabilitation and Correction ("DRC"). Lagway requests the issuance of a writ of mandamus ordering Chambers-Smith to correct the calculation of Lagway's sentence to reflect an aggregate minimum term of 15 years pursuant to former R.C. 2929.41(E)(2) and (3). For the following reasons, the magistrate recommends that this Court dismiss Lagway's complaint sua sponte.

**I. Findings of Fact**

{¶ 16} 1. Lagway filed a complaint for writ of mandamus on February 18, 2026.

{¶ 17} 2. Chambers-Smith, who is sued in her official capacity with DRC, is a government employee for purposes of R.C. 2969.21 et seq.

{¶ 18} 3. On the same day as the complaint, Lagway filed an affidavit of indigency pursuant to R.C. 2969.25. Lagway stated in the affidavit that he was an inmate in an Ohio correctional institution and requested that the filing fee and security deposit for this action be waived.

{¶ 19} 4. Lagway's affidavit of indigency does not contain a statement setting forth the balance in Lagway's inmate account for each of the preceding six months, as certified by the institutional cashier.

{¶ 20} 5. On April 8, 2026, Chambers-Smith filed a motion to dismiss.

{¶ 21} 6. On April 27, 2026, Lagway filed a motion to strike Chambers-Smith's motion to dismiss, pursuant to Civ.R. 11. On the same date, Lagway filed an additional two motions, which were captioned as requests: (1) a motion for judicial notice pursuant to Civ.R. 44.1, and (2) a motion for judicial notice pursuant to Evid.R. 201.

## II. Discussion and Conclusions of Law

{¶ 22} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 2022-Ohio-3168, ¶ 10; *Fuqua v. Williams*, 2003-Ohio-5533, ¶ 3 (stating that the "provisions in R.C. 2969.21 through 2969.27 were enacted . . . effective October 17, 1996, and appear to be Ohio's version of the Federal Prison Litigation Reform Act"). These procedural requirements include the filing of an affidavit of prior civil actions under R.C. 2969.25(A) and an affidavit of waiver and affidavit of indigency under R.C. 2969.25(C). The inmate filing requirements in R.C. 2969.21 et seq. "were formulated to curb abusive litigation by inmates which threatens to impair the judicial efficiency of the court." *Bell v. Beightler*, 2003-Ohio-88, ¶ 37 (10th Dist.). *See also Slider v. Dept. of Rehab. & Corr.*, 1999 Ohio App. LEXIS 2999, *7 (10th Dist. June 29, 1999).

{¶ 23} With regard to the requirements for an affidavit of indigency, R.C. 2969.25(C) requires as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate

is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C). Definitions pertaining to R.C. 2969.25 are contained in R.C. 2969.21.

{¶ 24} Compliance with the inmate filing requirements in R.C. 2969.25 is mandatory, and failure to comply compels dismissal. *State ex rel. Bey v. Bur. of Sentence Computation*, 2022-Ohio-236, ¶ 13. R.C. 2969.25 "requires strict compliance." *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6. "[I]t is appropriate for a court of appeals to dismiss a complaint sua sponte for noncompliance with R.C. 2969.25 'because the requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal.' " *State ex rel. Martre v. N. Cent. Corr. Complex*, 2026-Ohio-162, ¶ 9, quoting *State ex rel. Young v. Clipper*, 2015-Ohio-1351, ¶ 8.

{¶ 25} On its face, the affidavit of indigency submitted by Lagway in this matter fails to comply with the inmate filing requirements in R.C. 2969.25. In the affidavit, Lagway avers that he is an inmate in an Ohio correctional institution and requests the waiver of the filing fee for this action. Lagway states that he is "currently working in the Correctional Institution, classed as a student with a monthly stipend of $24.00." (Aff. of Indigency at 1.) Lagway further states that he has "no Savings Account" and "no other means of Financial Income." *Id.* Lagway's affidavit, however, does not contain a statement certified by the institutional cashier that sets forth the balance in Lagway's inmate account for each of the preceding six months as required by R.C. 2969.25(C)(1). On its own, this failure to comply with R.C. 2969.25(C) is grounds for dismissal. *See State ex rel. Jones v. State*, 2020-Ohio-5523, ¶ 4 (10th Dist.).

{¶ 26} As noncompliance with the requirements of R.C. 2969.25 cannot be cured, Lagway's complaint must be dismissed. *See State ex rel. Swopes v. McCormick*, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25, including amending the complaint" were "expressly foreclosed" (emphasis in original)). Though this action must be dismissed pursuant to R.C. 2969.25, it is noted that "dismissal

of an action for failing to comply with the procedural requirements of R.C. 2969.25 is a dismissal without prejudice." *State ex rel. Williams v. Ohio Adult Parole Auth.*, 2025-Ohio-1939, ¶ 3 (10th Dist.). *See State ex rel. Watkins v. Andrews*, 2015-Ohio-1100, ¶ 8, citing *State ex rel. Hall v. Mohr*, 2014-Ohio-3735, ¶ 5 (stating that "a dismissal for failure to meet the requirements of R.C. 2969.25 is not a dismissal on the merits").

{¶ 27} Accordingly, it is the decision and recommendation of the magistrate that this Court should dismiss this action sua sponte for lack of compliance with the mandatory inmate filing requirements of R.C. 2969.25(C). The magistrate recommends denying as moot the motion to dismiss and Lagway's April 27, 2026 motions.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.